IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| REGINALD BYRD, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 10-1700 |
| | : | |
| LOUIS FOLINO, et al, | : | |
| | : | |
| Respondents. | : | |

ARNOLD C. RAPOPORT
United States Magistrate Judge

**REPORT AND RECOMMENDATION**

Before the Court is the pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Reginald Byrd ("Byrd"). For the reasons that follow, it is recommended that the Petition, which is clearly unexhausted, be dismissed without prejudice to permit Byrd to fully litigate his state court claims.

**I.   PROCEDURAL HISTORY.**

On March 3, 2009, a jury in the Court of Common Pleas of Philadelphia County convicted Byrd of possession with intent to deliver and criminal conspiracy. Byrd had waived his right to counsel and represented himself at trial, with the assistance of standby counsel. On April 16, 2009, Byrd was sentenced by the Honorable John J. Poserina, Jr., to two to four years incarceration with two additional years of probation.

1

On May 11, 2009, Byrd filed a *pro se* notice of appeal to the Superior Court of Pennsylvania. However, he failed to file a 1925(b) Statement. He then sent two letters to the trial judge on May 19, 2009, and June 17, 2009, asking to proceed *pro se* on appeal and requesting his trial transcripts. See Petitioner's "Prologue of Incontrovertible Evidence (hereinafter "Prologue") Illustration B. (Docket No. 5). On June 18, 2009, Byrd sent a letter to the clerk of the Superior Court, complaining that he had not yet received his trial transcripts, and that he believed the trial judge and the court reporter were intentionally delaying the issuance of his transcripts. Prologue, Illustration B. On July 5, 2009, Byrd wrote to the clerk of the Superior Court regarding his change of address and noted that he had not yet received a response to his letter of June 19, 2009 (It appears that Byrd meant his letter of June 18, 2009). On August 21, 2009, and August 31, 2009, Byrd wrote to the court reporter about the status of his transcripts. Prologue, Illustration B. On August 24, 2009, Byrd also wrote to the trial judge, complaining that the trial court had not prepared an opinion under 1925(b) or sent him his trial transcripts. Prologue, Illustration B.

On September 18, 2009, Byrd filed an "application for relief" in the Superior Court, complaining that the trial judge and the court reporter were conspiring to deliberately "undermine

2

[his] right to effective appellate review," apparently by failing to produce his transcripts. Prologue, Illustration C.

On January 15, 2010, Byrd filed a "Petition for Writ of Habeas Corpus" directly in the Pennsylvania Supreme Court, along with an Application to Proceed In Forma Pauperis and an Application for Leave to File Original Process. Meanwhile, on February 3, 2010, the Superior Court received the trial court record without an opinion from the trial judge because he was no longer on the bench. On February 17, 2010, Byrd sent a letter to the clerk of the Superior Court, complaining about the absence of a post-trial opinion by the trial judge, complaining that his transcripts were "compromised," that text in the transcripts that was favorable to him was fraudulently removed and that it was therefore not possible for him to obtain "meaningful appellate review." Prologue, Illustration F. In February of 2010, Byrd sent his "Objection to Certification of the Record" to the Pennsylvania Supreme Court for filing in his pending matter. On March 4, 2010, the Supreme Court of Pennsylvania returned Byrd's "Objection to Certification of the Record" to him as an unauthorized filing. Prologue, Illustration E. On March 21, 2010, Byrd wrote to the administrator of Pennsylvania courts, asking when his "Objection to Certification of the Record" would be addressed. Prologue, Illustration F. On April 7, 2010, Byrd wrote to the Pennsylvania Supreme Court, asking why his

3

"Objection to Certification of the Record" which was improperly filed with the Supreme Court was not simply transferred to another court, and asking where Byrd "[stood]" with his objections and what court had jurisdiction over them.

On April 9, 2010, Byrd wrote to the Superior Court of Pennsylvania, requesting the dockets from his appeal. On April 16, 2010, the Superior Court sent said dockets to Byrd which showed that his appeal was still active. On April 20, 2010, Byrd write to the administrator of Pennsylvania's courts again, complaining that he "wasn't informed of objecting to the text of the transcripts" and asking if it was too late to "object to the text of the transcripts?" Prologue, Illustration F. On May 16, 2010, Byrd allegedly served copies of his "Objections to Certified Record" on the Philadelphia County criminal appeals and post-trial units, as well as the District Attorney's office.

On May 1, 2010, Byrd wrote to the Superior Court, stating that his appeal was unable to move forward because "objections to the certified record" exist, that the record was "incomplete," and that the "text of the transcripts [had] been falsified." On May 11, 2010, the Superior Court dismissed Byrd's appeal for failure to file a brief. Byrd did not request reconsideration of this dismissal, nor did he file a petition for allowance of appeal with the Pennsylvania Supreme Court. Further, as of the date of this report, Byrd has not filed a

4

petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), see 42 Pa. C.S.A. § 9541.

Byrd signed the instant Petition for Writ of Habeas Corpus on April 9, 2010, and it was docketed with the Clerk's Office on April 15, 2010. The case was assigned to the Honorable Cynthia M. Rufe, who referred the case to the undersigned for preparation of a Report and Recommendation.

## II. **DISCUSSION**.

Respondents contend that Petitioner's claim is not exhausted and should therefore be dismissed. The habeas statute requires that prisoners exhaust their claims in state court before seeking relief from the federal courts. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Absent exceptional circumstances, a federal court may not determine the merits of a habeas corpus petition until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). Principles of comity "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the

5

first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844-45. The petitioner bears the burden of proving that he has exhausted available state remedies. Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990). In the case of an unexhausted petition, federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In his federal petition, Byrd attempts to raise the following issues:

- Due Process Violation: Intentionally delaying appellate process; Altered text of transcripts; Didn't submit complete record of the matter, Trial judge didn't file an opinion on issues for appeal, Trial judge no longer sitting on the bench, and have less than a year to completion of sentence.

- Due Process Violation: Denied parole for filing an appeal; Denied appeal for filing a civil action against SCI Camp Hill, also false accusations of unfinished programs and, other arbitrary reasons, as well as, failure of state courts to entertain such claims of unconstitutional denials of parole.

(Pet., pp. 8, 10.) I recommend that Byrd's federal habeas petition is unexhausted. Since the one-year AEDPA statute of

limitations has not yet expired, I recommend that this petition be dismissed without prejudice and with leave for Byrd to return to federal court once he has fully exhausted all claims he wishes to present.

Fortunately for Byrd, his claims can still be exhausted because the statute of limitations for filing a PCRA petition has not expired. See 42 Pa. Cons. Stat. Ann. § 9545(b). Petitioner's conviction did not become final until May 11, 2010, and thus, he has until May 11, 2011, to file a timely PCRA petition and seek review of his claims.

In the instant matter, any claims that Byrd's federal constitutional rights have been violated in connection with his trial and/or direct appeal can be addressed by the state courts. As the requirement that claims must first be fairly presented to the state courts is not satisfied if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), Byrd clearly cannot meet his burden of proving that he has exhausted available state remedies. Therefore, I recommend that Byrd's federal habeas petition should be dismissed as unexhausted.

Because it is evident that Byrd has not followed the required conduct and exhausted his state court remedies sought in this Petition, this Court should "stay its hand" and dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus

7

as unexhausted to allow Petitioner to exhaust his claims in state court.  <u>Walker v. Vaughn</u>, 53 F.3d 609 (3d Cir. 1995).

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 30th day of March, 2011, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


 /s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
United States Magistrate Judge